FILED

12 AUG -7 PM 1: 28

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____     DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMINA SALVADOR,<br>Detainee No. A200968077,<br><br>                                   Plaintiff,<br><br>vs.<br><br>MS. HANSBERG,<br><br>                                   Defendant. | Civil No.     12cv1746 WQH (DHB)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **[ECF No. 2];**<br><br>**(2)   DENYING MOTION TO APPOINT COUNSEL [ECF No. 3]; and**<br><br>**(3)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS** |

Amina Salvador ("Plaintiff"), currently detained at the San Diego Correctional Facility located in San Diego, California, and proceeding pro se, has filed a civil action. [ECF No. 1]. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, she has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], along with a Motion to Appoint Counsel [ECF No. 3].

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee

1   only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See*

2   *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent

3   litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and

4   appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871,

5   886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or

6   detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent

7   for, violations of criminal law or the terms and conditions of parole, probation, pretrial release,

8   or diversionary program." 28 U.S.C. § 1915(h). Under this definition, "an alien detained by the

9   INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because

10  deportation proceedings are civil, rather than criminal in nature, and an alien detained pending

11  deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated

12  delinquent for, a violation of criminal law." *Agyeman*, 296 F.3d at 886. Thus, because Plaintiff

13  claims she was civilly detained pursuant to immigration or deportation proceedings, and not a

14  "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b)

15  do not apply to her.

16      Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any

17  other non-prisoner litigant seeking IFP status, *see* S.D. CAL. CIVLR 3.2(d). The Court finds that

18  Plaintiff's affidavit is sufficient to show that Plaintiff is unable to pay the fees or post securities

19  required to maintain this action and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant

20  to 28 U.S.C. § 1915(a) [ECF No. 2].

21                                      **II.**

22              **MOTION FOR APPOINTMENT OF COUNSEL**

23      Plaintiff also requests the appointment of counsel to assist her in prosecuting this civil

24  action. The Constitution provides no right to appointment of counsel in a civil case, however,

25  unless an indigent litigant may lose her physical liberty if she loses the litigation. *Lassiter v.*

26  *Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1),

27  district courts are granted discretion to appoint counsel for indigent persons. This discretion may

28  be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017

1   (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the

2   'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se

3   in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and

4   both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*,

5   789 F.2d 1328, 1331 (9th Cir. 1986)).

6       The Court denies Plaintiff's request without prejudice because, for the reasons set forth

7   below, neither the interests of justice nor exceptional circumstances warrant appointment of

8   counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at

9   1017.

10                                      **III.**

11              **SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

12       Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the

13   Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon

14   which relief may be granted, or seek monetary relief from a defendant immune from such relief."

15   28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam)

16   (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez*

17   *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits,

18   but requires a district court to dismiss an in forma pauperis complaint that fails to state a

19   claim."). "[W]hen determining whether a complaint states a claim, a court must accept as true

20   all allegations of material fact and must construe those facts in the light most favorable to the

21   plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,

22   152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of

23   Civil Procedure 12(b)(6).").

24       In the Complaint, Plaintiff alleges a number of actions that appear to be delusional. For

25   example, Plaintiff alleges that Defendant Hansberg has "made present rodents and snakes" so

26   that a "natural pregnancy will never take place." (Compl. at 3.) Plaintiff also alleges Defendant

27   Hansberg "encourages detainees to use the microwave" which causes Plaintiff's nearby room

28   to "smell like a kitchen." Plaintiff alleges that "news coverage has illustrated... that I am in fact

1     allergic to the microwave." (*Id.* at 4). The Court finds Plaintiff's claims to be frivolous because

2     they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or

3     "delusional." *Neitzke*, 490 U.S. at 325, 328. The Court dismisses the entirety of Plaintiff's

4     Complaint as frivolous.

5          To the extent that Plaintiff may be alleging facts relating to her confinement in a Federal

6     Immigration center and may be trying to claim violation of her civil rights by federal actors, the

7     Court construes this matter as arising under *Bivens v. Six Unknown Named Fed. Narcotics*

8     *Agents*, 403 U.S. 388 (1971). *Bivens* established that "compensable injury to a constitutionally

9     protected interest [by federal officials alleged to have acted under color of federal law] could be

10    vindicated by a suit for damages invoking the general federal question jurisdiction of the federal

11    courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions

12    under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under

13    § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

14         To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right

15    secured by the Constitution of the United States was violated, and (2) that the violation was

16    committed by a federal actor. *Id.; Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624

17    (9th Cir. 1988). *Bivens* provides that "federal courts have the inherent authority to award

18    damages against federal officials to compensate plaintiffs for violations of their constitutional

19    rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).

20    However, a *Bivens* action may only be brought against the responsible federal official in his or

21    her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). *Bivens*

22    does not authorize a suit against the government or its agencies for monetary relief. *FDIC v.*

23    *Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988);

24    *Daly- Murphy*, 837 F.2d at 355. Nor does *Bivens* provide a remedy for alleged wrongs

25    committed by a private entity alleged to have denied Plaintiff's constitutional rights under color

26    of federal law. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("'[T]he purpose

27    of *Bivens* is to deter *the officer,*' not the agency.") (quoting *Meyer,* 510 U.S. at 485); *Malesko*,

28    534 U.S. at 66 n.2 (holding that *Meyer* "forecloses the extension of *Bivens* to private entities.").

1    The Court cannot determine the true nature of Plaintiff's allegations or whether Plaintiff
2  is attempting to state a claim under federal law. It is unclear if the named Defendant is an
3  employee of the private corporation that runs the facility where Plaintiff is detained.  Some of
4  Plaintiff's allegations suggest that she is attempting to allege an Eighth Amendment violation.
5  However, the Supreme Court recently held that an inmate cannot bring a *Bivens* action against
6  an employee of a private entity for damages pursuant to alleged Eighth Amendment violations.
7  *See Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012).  Thus, while Plaintiff may be able to raise
8  her Eighth Amendment claims against the private employees as a tort claim in state court, her
9  claim is not cognizable as a *Bivens* action in this Court.  Moreover, federal courts are courts of
10  limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
11  Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or
12  treaties of the United States." 28 U.S.C. § 1331. Because Plaintiff's Complaint does not comply
13  with § 1331, there is no subject matter jurisdiction.

14    For the reasons set forth above, Plaintiff's entire action is dismissed as frivolous,  for
15  failing to state a claim upon which relief may be granted, and for lack of subject matter
16  jurisdiction.

17                                    **IV.**

18                          **CONCLUSION AND ORDER**

19    Good cause appearing therefore, **IT IS HEREBY ORDERED** that:

20    1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is
21  **GRANTED**.

22    2.    Plaintiff's Motion to Appoint Counsel [ECF No. 3] is **DENIED** without prejudice.
23        **IT IS FURTHER ORDERED** that:

24    3.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.
25  § 1915(e)(2)(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this
26  Order is filed in which to file a First Amended Complaint which cures the deficiencies of
27  pleading noted above.   Plaintiff's Amended Complaint must be complete in itself without
28  reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and

1   any claim not re-alleged in the Amended Complaint will be considered waived. *See King v.*
2   *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).   If Plaintiff fails to file an Amended Complaint
3   within 45 days, this case shall remain dismissed for failing to state a claim pursuant to 28 U.S.C.
4   § 1915(e)(2).

6   DATED:   8/6/12

7                                          **HON. WILLIAM Q. HAYES**
8                                          United States District Judge

-6-